ROSSY, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of Instruments for the Partition of Property and the Annulment of a Gift *Mortis Causæ*, etc.

No. 253.—Decided February 25, 1916.

DEED OF RESCISSION—CIVIL STATUS OF PURCHASER—CONSENT OF WIFE—RECORD OF TITLE.—When it appears from a deed of rescission presented in the registry that the person rescinding the purchase is married, the deed cannot be recorded unless it be shown that the civil status of the purchaser at the time he acquired the property was such as not to require the consent of his wife.

RECORD OF TITLE.—When an interest is recorded in the registry of property in the name of one person, another person acquiring the property must record his title before he can dispose of it.

PARTITION OF PROPERTY—CONTRACT—CONTRADICTORY CLAUSES.—There is no contradiction between one clause of a contract providing that a certain property shall be divided into equal parts and another clause providing that the division shall be made after deducting a certain part which has been sold to another, and it cannot be held that the interest belonging to each is not clearly shown.

ID.—CONTRACT OF COMPROMISE—RECORD OF TITLE.—A registrar is justified in refusing to record a deed of sale of a third part of a property acquired under a contract of compromise when the vendor does not appear in the registry as the owner of the said interest because the said contract of compromise has not been recorded previously.

COMMUNITY PROPERTY—DISSOLUTION OF CONJUGAL PARTNERSHIP.—By the death of one of the spouses there accrues to the survivor, by virtue of the dissolution of the conjugal partnership, a right to the full ownership of one-half of the property which, upon the liquidation of the said partnership, is shown to be community property, but the survivor does not become the sole owner of one-half of the property by the mere fact of the death of the other and cannot dispose of such moiety as his own in whole or in part although he may dispose of his ·interest therein.

ID.—DIVISION OF PROPERTY—CONSENT OF CO-OWNERS—ALIENATION.—Although it is true that one co-owner cannot make a division of the common property without the consent and approval of the other co-owners, inasmuch as in this case the deed does not describe the interest conveyed but is limited to the sale of the share of the vendor under the contract of compromise, it cannot be held that there was a division of the property.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent registrar appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

Clemente González Rivera died in 1897· leaving a will in which, after declaring that· his estate was community property and that he had no descendants, he named his wife, Dolores Rivera García, his usufructuary heir for life and also left her her legal portion as widow, and designated Inés del Carmen Amador and Ruperta de Jesús Amador as his heirs in fee simple in equal shares after her death, directing that in case any of these heirs should die before he did, their respective descendants should substitute them. The testator ordered that some cash legacies should be paid after the death of his wife and that his estate be liquidated. The will was presented in the Registry of Property of San Juan, Section 2, and the registrar' recorded the same in favor of the heirs as to· two properties which appeared recorded in the name of the testator, one of ninety and the other of thirty *cuerdas,* in the following manner: The ownership of an undetermined part as community property and the usufruct of another undetermined part as an inheritance from her husband and as her legal portion as widow in the name of the widow, and the naked ownership of the portion of which the widow is the usufructuary in the name of Ruperta de Jesús Amador and

Inés del Carmen Amador in equal shares as heirs of the decedent.

On May 26, 1907, the widow, María Dolores Rivera García, Inés del Carmen Amador, who was married to Antonia Vázquez, and José Vázquez, as father and representative of his minor children Matilde and María del Pilar Vázquez Amador, born of his first marriage with his deceased wife, Ruperta Amador, executed a contract of settlement by which, after referring to the will of Clemente González Rivera and stating that at his death he left only a property of ninety *cuerdas,* which is described, and some cattle, and that by another deed of December 6, 1906, the widow sold to Inés del Carmen Amador, for a price which she acknowledged she had received, an undivided half of the property of ninety *cuerdas* and the usufruct of the other half, which deed was not presented in the registry, they agreed upon the following in order to avoid further quarrels and to live in harmony with one another: (1) That they considered the cattle as non-existent and waived their rights thereto; (2) that the widow and Inés del Carmen Amador rescinded the said sale and returned to each other what they had received by reason thereof; (3) that the property described should be divided into three equal parts, taking into account the value of each *cuerda* of land according to its location, and that each should enter into possession of his share in the manner to be set forth; (4) that the widow donated her portion of one-third to Inés del Carmen Amador and the children of Ruperta, to take effect at her death; (5) that Attorney Manuel F. Rossy should adjust their affairs, have the property surveyed by an expert, deliver to each party his corresponding share and title, and distribute the portion belonging to the widow upon her death as provided for in the preceding clause, and that a sufficient piece of land should be segregated and transferred by deed to their attorney to cover his fees and expenses; (6) that the whole property should respond for the payment of the legacies;

(7) that they segregated from the property a. parcel of five *cuerdas* which the widow had sold to Rafael Burgos as part of her undivided share of the community property, which sale was ratified by all the parties.

The said deed having been presented in the registry for record, the registrar denied the same admission for the reasons stated in the following decision:

"Record of the foregoing document is denied and a cautionary notice is entered for the legal period of 120 days on page 36 of volume 1 of Bayamón, property No. 7, entry letter A, because of the following incurable defects: (1) It is stated in the said deed that the widow, María Dolores Rivera, sold to Inés del Carmen Amador an undivided moiety of the property referred to therein and the usufruct of the other moiety, which constitutes the sale of determinate parts thereof, whereas it appears from the registry that there is recorded in the name of the said vendor only the ownership of one part and the usufruct of another part, these parts of the said property being indeterminate because of failure to liquidate the conjugal partnership as ordered by Clemente González in his will; (2) that although the deed of sale to Amador has not been presented and cannot therefore be passed upon, the mention of the said sale in the foregoing deed constitutes a reservation of that right, which should appear in the record and which naturally prevents the recording of this deed; for while by it José del Carmen Amador and the widow Rivera rescind the said sale, the civil status of the said Amador at the time he purchased the property is not shown and therefore the purchase must be deemed to have been made by the conjugal partnership composed of himself and his wife, Antonia Vázquez, in which case the latter should have consented to the rescission or annulment of the said sale; (3) José Vázquez is a party to the said deed as the father of the minors Matilde and María del Pilar Vázquez, children of Ruperta de Jesús Amador, in whose name the naked ownership of an undetermined part of the said property is recorded, for which reason the title of the heirs of Ruperta de Jesús Amador should first be recorded; (4) the deed does not state clearly what part of the property each of the persons interested acquire thereunder, for although it is covenanted in clause 3 of the said deed that the property should be divided into three equal parts, taking into account the value of each *cuerda* of land according to its location, and that each party shall enter into posses-

sion of the part belonging to him, this is in conflict with clause 7, which states that the five *cuerdas* of said property described therein belong to Rafael Burgos."

On February 25, 1911, the widow, María Dolores Rivera, entered into a contract with Attorney Manuel F. Rossy by which the said widow rescinded the gift made in the said deed to Inés del Carmen Amador and the children of Ruperta Amador, to take effect at her death, and sold, transferred and conveyed the third part of the property belonging to her under the said deed together with her rights and interests in the estate of her husband, Clemente González, and in her share of the community property and the fruits and profits thereof, to Manuel F. Rossy for the sum of $600, to be paid in the manner and on the dates mentioned in the contract, the said sale being without prejudice to that part of the property of ninety *cuerdas* which was to be delivered to the said Rossy under clause 5 of the said deed. The registrar also refused to record this deed for the reasons stated in the following decision:

"The foregoing instrument is denied admission to record and a cautionary notice is entered for the 120 days prescribed by law on page 185 of volume 49 of Bayamón, property No. 7, duplicate, entry letter B, because it contains the following incurable defects: As it appears that only two interests in the property to which the present instrument refers are recorded in the name of María Dolores Rivera, one being indeterminate in ownership and the other indeterminate in usufruct, she cannot sell a third part of the said property, for although she executed a deed of settlement with other persons by which she became the owner of one-third of the said property, that deed was not recorded for the reasons stated under entry 'A' thereof, and furthermore, because it appears from the fourth clause of this deed that the property in question was to be divided into three equal parts after deducting the part to which Attorney Rossy was entitled under the deed of settlement, and the part she now sells to Manuel F. Rossy is one of the three parts in question and cannot be severed without the consent and approval of the other owners in common."

Rossy took the present appeal from both decisions of the registrar within the proper time and prays that we reverse the same and order that the said instrument be recorded.

We will consider the grounds for the registrar's refusal in the order in which they are given.

Briefly, the first ground for his refusal to record the deed of 1907 is that it stated that on a prior date the widow sold an undivided half of the property and the usufruct of the other half to Inés del Carmen Amador when only undetermined interests in the property were recorded in her name. However, that deed of sale is not submitted to the registrar, as he admits in his second ground of refusal, and therefore this is not the proper time for him to decide whether the widow could make the sale in the manner in which she did; consequently the defect in that sale cannot serve as an obstacle to the recording of the deed of 1907.

As to the second ground on which the registrar bases his refusal to record the instrument, we find that the same was well taken because there being no doubt that a purchase of property for a valuable consideration by one of the spouses during the marriage cannot be rescinded without the consent of both spouses, and it appearing from the deed under consideration that Inés del Carmen Amador was married to Antonia Vázquez when he rescinded the purchase from the widow, the rescission cannot be recorded without the consent of the wife unless it be shown that the civil status of the purchaser at the time he acquired the property obviated the necessity therefor, which showing does not appear from the account of the purchase as it appears in the instrument presented for record.

As to the third defect, the registrar was also justified in refusing to admit the deed to record on the ground stated, for it appearing from the books of the registry that Ruperta Amador recorded her hereditary interest in the property in question, any person taking title from her must first record

the same before any contract which he may make affecting such interest can be admitted to record; and as the two children of Ruperta Amador, represented by their father, and not Ruperta Amador, were parties to the deed in question and contracted as the sole owners of the interest of Ruperta, they are required to record the title by which they acquired the interest before the contract affecting the same to which they are parties can be recorded.

The fourth and last ground on which the registrar bases his refusal is that the deed does not state clearly what interest is acquired by each of the parties, there existing a contradiction between two of its clauses, because while it is stipulated in the third clause that the property shall be divided into three parts it is stated in the seventh clause that five *cuerdas* were sold to and belong to Rafael Burgos.

We are unable to discover such contradiction. The parties agreed to divide the property among the three in equal parts after segregating therefrom five *cuerdas* for Burgos and as this imaginary contradiction is the only ground for the registrar's conclusion that the interest acquired by each of the parties is not clearly determined, we cannot sustain his refusal to record on that ground.

By the other instrument which was denied admission to record Rossy seeks to record the sale made to him in 1911 by the widow of the one-third interest which she acquired under the unrecorded contract of settlement referred to. By the said contract the widow acquired a third part of the property of ninety *cuerdas* after deducting the five *cuerdas* sold to Burgos, or in other words, a third part of eighty-five *cuerdas,* which is what she sells to Rossy; but as the contract under which she acquired this one-third is not recorded, the vendor does not appear in the registry as the real owner of the said interest and therefore the registrar was justified in refusing to record the sale.

The appellant is wrong in contending that inasmuch as the ownership of one-half of the property is recorded in the name of the vendor as her share of the community property, a conveyance by her of one-third is recordable because it is less than the one-half which is recorded. One-half of the property is not recorded in the registry in the name of the widow, as maintained by the appellant. By the death and under the will of Clemente González there accrued to his widow by virtue of the dissolution of the conjugal partnership a right to the full ownership of one-half of the property which, upon the liquidation of the partnership, might be shown to be community property and to the usufruct of the other half under title of inheritance, but she did not become the sole owner of one-half of the property of ninety *cuerdas* by the fact of the death of her husband and cannot therefore dispose of such moiety, in whole or in part, as her property. Of course, she has rights and interests in that property of which she may dispose (*Cortés* v. *The Registrar,* 20 P. R. R. 131), but she cannot alienate a determinate interest of one-half as the owner thereof. *Ríos* v. *The Registrar,* 19 P. R. R. 708. This is why the registrar when recording the will of Clemente González entered the record in the name of his heirs and of the widow for undetermined shares, or for the interests which by his death and under his will were created in favor of the widow and his heirs.

Although it is true that the vendor cannot make a division of the common property without the consent and approval of the other co-owners, we do not find that the widow did make such division, for the deed contains no description of the interest she conveys but is confined to the sale of her share under the contract of settlement.

For the foregoing reasons the decision appealed from should be affirmed in so far as its grounds are sustained in this opinion.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.